## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Tracy A. Miner

617 542 6000
617 542 2241 *fax*

*Direct dial 617 348 1694*
tminer@mintz.com

May 18, 2004

**BY FACSIMILE AND U.S. MAIL**

John A. Wortmann, Jr.
Peter Levitt
United States Attorney Office
U.S. Courthouse, Suite 9200
One Courthouse Way
Boston, MA  02210

    Re:    <u>United States v. Victor Arroyo et al, 04-10053-RCL</u>

Dear Attorney Wortmann:

    Pursuant to Local Rule 116.3, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, including <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Defendants Victor Arroyo, Angel Rivera, and Onix Figueroa hereby request that the Government furnish all exculpatory material and information within the Government's possession, custody or control, the existence of which is known or by the exercise of due diligence may become known, which has not been produced despite the requirements of the Local Rules 116.1 and 116.2. Please provide the following additional discovery in this matter:

    1. All notes and memoranda relating to the monitoring and recording of conversations, including those relating to both the requirements for monitoring and the contents of the conversations monitored.

    2. Copies of all telephone records of the Defendants obtained during the course of the investigation;

    3. All statements/testimony relating to the defendants by individuals who are not going to be called as witnesses in this case;

    4. All declinations of prosecution for any individual interviewed pursuant to this Indictment and/or the Government's case against Frenando Frometa, <u>United States v. Frometa</u>, No. 04-10050-NG or Jorge Rosario, <u>United States v. Rosario</u>, 04-10051-PBS;

    5. All statements made by any witnesses regarding any wrongful acts committed by any witness in this case, for which prosecution has been declined, and any and all documents relating thereto;

*Boston  Washington  Reston  New York  New Haven  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**BY HAND**

John A. Wortmann, Jr.
May 18, 2004
Page 2

      6. Copies of all notes, handwritten or otherwise, created by any state, local or federal law enforcement agencies in the course of this Investigation. If such notes have been destroyed or lost or are otherwise unavailable for inspection by the court, please specify the creator of the notes, the dates created, the date they became lost or destroyed and an explanation for their destruction.

      7. A statement whether the US is making a declination pursuant to LR 116.6 and a statement from the Government identifying the information withheld and its reasons for withholding it;

      8. Transcripts of all prior public testimony of any Government witness. In the alternative the name of the case, docket number and court in which the government witness has testified.;

      9. A description of any criminal or civil cases or investigations pending now, or at the time of the investigation of this case, against any potential Government witnesses;

      10. Any information in the possession of the Government regarding any actions taken by any potential Government witnesses which constitutes a crime for which the witnesses could be prosecuted;

      11. The parole, probation or supervised release status of any potential Government witness during the investigation and prosecution of this matter;

      12. Prison records, including tapes and transcripts of any conversations with any potential government witness, which are in the Government's possession, custody or control;

      13. Identify any potential witness in this case who was given or subjected to a polygraph examination in connection with his/her testimony or his/her statements to law enforcement authorities and the results of any examination;

      14. Evidence of promises of leniency to any witness or persons related to any witness;

      15. Evidence of payments to any witnesses or persons related to any witnesses;

      16. Evidence of special arrangements made on behalf of any witnesses or persons related to any witnesses;

      17. Any inconsistent statements made by any potential Government witness, including but not limited to any such statements made to the grand jury, any federal officer, or any Assistant United States Attorney;

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**BY HAND**

John A. Wortmann, Jr.
May 18, 2004
Page 3

18. All false statements and omissions made by any potential government witness, including but not limited to any such statements made to the grand jury, any federal officer, or any Assistant United States Attorney;

19. All evidence of bias or prejudice any potential Government witness may possess in favor of the Government or against any of the defendants;

20. All evidence of mental and/or psychological impairment of any potential Government witness, including but not limited to psychiatric records;

21. Regarding the witness identified as CW-2 and CW-3, please provide the following:

   a. Full name;

   b. Date of birth;

   c. Social Security number;

   d. Prior places of residence and addresses during the past ten years;

   e. The extent of drug use and each and every drug program and/or hospital and/or other program or facility to which the witness was admitted for drug abuse or other substance abuse treatment and the dates of such admissions or treatment;

   f. Each and every psychiatric or other psychological treatment program and/or hospital and/or other such program to which the witness was admitted for psychiatric or other psychological treatment and/or the dates of such admissions or treatment;

   g. Each and every name or alias used in any manner by the witness, the approximate dates of such use and the reason or context thereof;

   h. The details of any history and/or prior cooperation with any and all local, state, and federal law enforcement officials of agencies; and

   i. Any and all statements provided by CW-2 or CW-3 to the Government or its agents.

22. Any and all statements, reports, faxes, recordings made by law enforcement agents attributed to CW-2 or CW-3. Please also include whether CW-2 or CW-3 made any false reports to the Government or its agents;

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**BY HAND**

John A. Wortmann, Jr.
May 18, 2004
Page 4

    23. A description of all payments made by law enforcement to CW-2, CW-3, or his/her family members, including date, time, method of payment, officer or agent making such payment, reason for such payments, including all documents pertaining to such payments including any and all logs maintained to record such payment;

    24. Please describe the actions attributed to CW-2 in the controlled drug purchase referenced in Section G.3(A) of your disclosure dated March 15, 2004, including the amount of drugs purchased, the price, the name of the informant who completed the sale, the date, the time, and the location of the transaction;

    25. Please provide any and all documentation including reports, memoranda and notes pertaining to CW-2's controlled purchase of drugs referenced in the above paragraph;

    26. Please describe in detail the steps the Government or its agents took to restore CW-2's driving privileges. Please provide any and all documents pertaining to this matter;

    27. Please describe in detail the steps the Government took to clear CW-2's outstanding arrest warrant, referenced in your disclosure of March 15, 2004;

    28. Please describe and provide any documents pertaining to CW-2's outstanding arrest warrant, referenced in the above paragraph;

    29. Please describe the actions attributed to CW-3 in the drug purchase/driving with a suspended license incident referenced in Section G.3(B) of your disclosure dated March 15, 2004, including the amount of drugs to be purchased, the price, the name of the informant who completed the sale, the date, the time, and the location of the transaction;

    30. Please provide any and all documentation including reports, memoranda and notes pertaining to CW-3's attempted purchase of drugs referenced in the above paragraph;

    31. Please describe in detail CW-3's actions in the prior investigation during which CW-3 was an informant, referenced in your disclosure of March 15, 2004. Please provide any and all documents pertaining to this prior investigation;

    32. Please describe in detail the steps the Government took to negotiate on CW-3's behalf regarding his/her welfare payments, referenced in your disclosure of March 15, 2004.

    33. Please describe and provide any documents pertaining to the two other occasions when law enforcement interceded on CW-3's behalf as referenced in your disclosure of March 15, 2004;

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**BY HAND**

John A. Wortmann, Jr.
May 18, 2004
Page 5

34. Any and all proffers offered by CW-2 and/or CW-3 by him/herself or an attorney prior to or during the investigation resulting in indictments in the underlying case, including the following:

> a. initial discussions between agents for the Government and CW-2, CW-3 or their attorney(s);
>
> b. the actual proffer by CW-2 or CW-3 as well as any statements by CW-2/CW-3's counsel;
>
> c. the discussions among agents for the Government regarding the extent or benefits to be offered to CW-2 or CW-3 or their families and expressed opinions by Government agents regarding the truthfulness of any proffer forwarded by CW-2 or CW-3;

35. The complete chain of custody, including supporting documents, regarding the federal law enforcement official(s) who handled the evidence allegedly obtained by CW-2 or CW-3.

36. Any and all correspondence, reports, memos or other documentation between Government agents and the laboratory performing analysis in connection to this evidence;

37. All information regarding lost or destroyed evidence;

Finally, please remember that pursuant to Fed. R. Crim. P. 16(c), the Government has a continuing duty to immediately produce any additional evidence or material responsive to the Rule 16(a) and Local Rules 116.1 and 116.2, as it comes to the Government's attention. This letter represents a continuous demand to produce any and all such discovery pursuant to the Federal Rules of Criminal Procedure and relevant Local Rules.

Please don't hesitate to contact us with questions. We look forward to your timely response in accordance with the Local Rules.

Very truly yours,

Tracy A. Miner
Jessica C. Lowney
Attorneys for Angel Luis Rivera

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**BY HAND**

John A. Wortmann, Jr.
May 18, 2004
Page 6

                                                *E. Weinstein*
                                                Elliot Weinstein
                                                Attorney for Victor Arroyo

                                                *John Valerio*
                                                John R. Valerio
                                                Attorney for Onix Figueroa

cc:    Tom Quinn, Courtroom Clerk to U.S. Magistrate Judge Judith Dein

LIT 1458098v2